## Peter Miller v. People's Lumber Co. et al.

1. CHANCERY PRACTICE—*No Power to Change the Report of the Master.*—A court has no power to alter the report of the master. It may reject or confirm it, overrule exceptions to it, but it can not change it. Such as it is, it is the work of the master, for which he alone is responsible.

2. MECHANICS' LIENS—*Liability of the Owner Confined to the Sub-contractors Named in the Notice.*—Under the mechanics' lien law (Hurd's R. S. 1899, p. 1112, § 28,) the owner is not to be held liable to any sub-contractor whose name is omitted from the statement provided by section five of such act, nor for any larger amount than the sum mentioned in such notice as due such sub-contractor, provided such omission is not made with the knowledge or collusion of the owner, unless previous to his payment to the contractor he has been notified of the claim and the correct amount due.

3. SAME—*Exist by Virtue of the Statute and Not by Agreements Subsequently Made.*—The law provides for a lien in favor of the person who shall, by contract with the owner or with one whom the owner has authorized, improve his premises, but it does not contemplate a change in character of the lien by an agreement of the parties made after the materials have been furnished.

Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded with directions. Opinion filed November 26, 1901.

**Statement.**—Peter Miller, on May 10, 1898, entered into a written contract with Henry Achenbach for the erection of a brick and stone building on premises owned by him (Miller), for the sum of $2,140, to be paid within twenty days after the completion of such building. The building was completed September 15, 1898, and four days thereafter, the 19th day of September, Miller filed his petition under the mechanics' lien law, setting forth that upon his requirement under section 5 of said lien law, the contractor, Achenbach, at three different times, furnished three several statements, showing the names and addresses of all parties having sub-contracts for work and material and the amounts therefor; that the last of such statements was made September 16th, and showed that there was then due from said contractor to said sub-contractors and laborers for work and material under said contract, the total amount of $1,303.67, and that all of said sub-contractors and laborers claimed liens on the premises under said act; that the complainant has paid to said contractor or his order $1,275, and that under the contract there remains unpaid $863, and that there is a deficiency of $435.67.

This petition was filed sixteen days prior to the time when final payment was to be made by the petitioner to the contractor. Most of the contractors and laborers made defendants to said petition answered, claiming in the aggregate liens amounting to some $500, more than the amount remaining unpaid upon the contract.

The cause having been referred to a master to take testimony and report, his report was filed, setting forth as alleged in said petition that there was due and unpaid on the contract price $863; that there was due from Achenbach as follows:

"To the People's Lumber Company, as a sub-contractor, with interest from August 26, 1898, at
5 per cent per annum........................ $430 87
To Hodge & Homer Company, as a sub-contractor,
with interest $2.57, in all amounting to $103.52,  100 95
To True & True, a corporation, as a sub-contractor, with interest from September 10, 1898,

|  |  |  |
|---|---|---|
| amounting to $5.48, making in all $120.47..... | $115 | 00 |
| To True & True Co., as original contractors, with $3.90 interest............................ | 75 | 00 |
| To Enoch Rydberg, as a sub-contractor......... | 24 | 00 |
| With $1.23 interest and that there is due to him as an original contractor with 74 cents interest. | 14 | 40 |
| To Herman Johnson, as a sub-contractor........ | 67 | 10 |
| With $3.38 interest and due to him as an original contractor, with 80 cents interest............. | 15 | 60 |
| To Axel Johnson, as a sub-contractor, with $1.85 interest............................ ..... | 36 | 90 |
| To Frank Reburg, as a sub-contractor........... | 33 | 73 |
| With 70 cents interest, and due to him as an original contractor, with 74 cents interest...... | 14 | 40 |
| To John Schade, as a sub-contractor............ | 57 | 45 |
| With $2.95 interest, and due to him as an original contractor, with 74 cents interest............. | 14 | 40 |
| To August Johnson, as a sub-contractor, and $4.40 interest................................... | 85 | 95 |
|  | $1,085 | 75" |

That upon the completion of the work, George F. Englehardt was entitled to a lien as a sub-contractor for $150, and C. H. Michels was entitled to a lien as a sub-contractor for $150, and C. H. Michels was entitled to a lien of $30 and Edward C. La Belle was entitled to a lien of $30 and Edward C. La Belle was entitled as a sub-contractor to $16. That in the discharge of the three liens last mentioned, amounting to $196, the owner paid $156.80; that when he made said payment there was sufficient money in his hands to pay on the amounts due the several persons found to be entitled to liens, as sub-contractors, seventy per cent of their claims, which amounts to $137.20, which sum the owner, Miller, is entitled to have deducted from the $865 in his hands, leaving a balance of $727.80, which should be applied first to the payment of the costs of this proceeding, amounting, including the master's report, to $119.10, leaving unpaid of the contract price $608.70. This is sufficient to pay $35\frac{4}{10}$ per cent of the amounts due the several sub-contractors. That is to say, there should be paid True & True Company, as sub-contractors, out of said

| | | |
|---|---:|---:|
| sum of $608.70, the sum of | $ 73 | 50 |
| People's Lumber Company | 276 | 80 |
| Hodge & Homer Company | 63 | 16 |
| Enoch Rydberg | 15 | 40 |
| Herman Johnson | 43 | 00 |
| Axel Johnson | 23 | 64 |
| Frank Reberg | 21 | 38 |
| John Schade | 36 | 63 |
| August Johnson | 55 | 13 |
| | $608 | 64 |

That the following parties are entited to liens as original contractors:

| | | | |
|---|---|---:|---:|
| True & True Co. to | | $91 | 79 |
| Enoch Rydberg | " | 16 | 64 |
| Herman Johnson | " | 18 | 04 |
| Axel Johnson, | " | 16 | 64 |
| Frank Reburg, | " | 16 | 64 |
| John Schade, | " | 16 | 64 |

That the petitioner's claims for solicitor's fees is disallowed. Objections to the master's report having been filed by all parties, the same were overruled and afterward filed in the court as exceptions.

T. F. MONAHAN, attorney for appellant; JOHN J. SWENIE, of counsel.

ELMER H. ADAMS, attorney for appellees People's Lumber Co. and Hodge & Homer Co.

LEONARD FISKE, attorney for appellees John Schade, Enoch Rydberg, Axel Johnson, Frank Reburg and Herman Johnson; VINCENT G. GALLAGHER, of counsel.

JAMES FRAKE, attorney for appellee True & True Co.

MR. JUSTICE WATERMAN delivered the opinion of the court:
The exceptions to the master's report were neither sustained nor disallowed, the decree of the court reciting that the cause came on to be heard upon the amended bill

of complaint taken as confessed by certain parties, named, answered by others, named, replication to such answers and the report of the master made in pursuance of an order of reference, and " on the objection and exception to the report of said master, and the court being fully advised in the premises, it is ordered that said report be altered as herein in this decree set forth."

The court had no power to alter the master's report. It might reject or confirm it, overrule, or disallow exceptions thereto, but it could not change it. Such as it is, it is the master's work, for which he alone is responsible.

The court in this decree found that at the filing of the bill, September 19, 1898, there was due the contractor, Achenbach, from Peter Miller, $865, and that on August 26, 1898, there was due from Achenbach to the People's Lumber Company $430.87, and that it had a lien as a subcontractor therefor from August 26th.

The court further found that on the 23d day of August, 1898, Achenbach, being in arrears in his payments for materials furnished by the True & True Company, it refused to furnish any further material to said Achenbach, and thereupon Miller, the petitioner, verbally agreed with said True & True Company, that in consideration that it would furnish the material yet to be delivered under the agreement made with it by Achenbach, he, said Miller, would pay for material so to be delivered and also the balance then remaining due for material already furnished.

The court further found that said True & True Company furnished the balance of said material and that there became due to said True & True Company the sum of $190, with interest from the 10th day of September, 1898, and " that it is entitled to an original contractor's lien for $190, with interest from September 10, 1898, at five per cent per annum, and also $1 for filing a statement of lien and $5 for solicitor's fees for filing the same and $19 for solicitor's fees in this case."

The court also found that Enoch Rydberg, Herman Johnson, Axel Johnson, Frank Reburg, John Schade and August

Johnson, were carpenters employed on said building, and that about September 1, 1898, Achenbach, being in arrears in his payments to them, petitioner Miller agreed with them that if they would continue to work, he would pay them the amount so due from Achenbach and also pay them for the work thereafter to be done.    Thereupon the court finds that each of said carpenters is entitled to a lien as an original contractor, namely: Enoch Rydberg, $38.40, with interest from the 12th day of September, 1898, and $3.84 for solicitor's fees;  Henry Johnson, $62.70, and interest from the 12th day of September, 1898, and $8.27 as solicitor's fees; Axel Johnson, $45.30, with interest from the 12th day of September, 1898, and $4.63 as solicitor's fees; Frank Reburg, $47.70, with interest from September 12, 1898, and $4.77 as solicitor's fees; John Schade, $71.85, with interest from September 12, 1898, and $7.18 as solicitor's fees; and that August Johnson is entitled to $55.13 and a lien therefor as a sub-contractor, with interest thereon from September 12, 1898, and $5.51 as solicitor's fees in accordance with the master's report, which  is in all things, as to him, approved and confirmed.

The master's report finds that August Johnson is entitled, as a sub-contractor, to $85.95, together with interest amounting to $4.40, and solicitor's fees amounting to $9.03, making in all  the sum of $99.38.    This report was made the 27th day of September, 1898.    The discrepancy between the master's report and the decree of the court which confirms the same as to August Johnson is not explained.

The decree further finds that Hodge & Homer Company is entitled to a lien on the premises for $100.95, but that Miller, the petitioner, is only obliged to pay said Hodge & Homer Company seventy per cent of the amount due, with interest from the 15th day of September, 1898, at the rate of five per cent per annum, together with $7.03 as its solicitor's fees.

The decree was entered June 8, 1900, and gives first and prior mechanic's liens, up to and including the day of the decree, on the premises as follows:

People's Lumber Company, $466.70, with solicitor's fee of $43.

True & True Company, $205.39, with solicitor's fee of $19, also $1 costs for filing suit and $5 for solicitor's fee for filing same.

Enoch Rydberg, $41.42, and $3.84 solicitor's fee.

Herman Johnson, $38.71, and $8.27 solicitor's fee.

Axel Johnson, $48.97, and $4.33 solicitor's fee.

Frank Reburg, $51.57, and $5.51 solicitor's fee.

John Schade, $76.68, and $7.18 solicitor's fee.

Hodge & Homer Co., $76.02, and $7.03 solicitor's fee.

August Johnson, $55.59, and $5.51 solicitor's fee.

And the decree provides that one-half the cost of the proceedings shall be paid by the petitioner Miller, and one-half by the respective lienors, to be divided *pro rata* among them, and directs that unless the petitioner or some of the defendants pay the aforesaid contractors the amount allowed, together with interest thereon from the day of the decree, and also pay the solicitor's fees as found, then the premises be sold.

The decree makes no mention of the payment by the petitioner of $156.80, in satisfaction of liens amounting, as found by the master to $196, on account of which payment the master, allowed the owner, Miller, $137.20, being seventy per cent of the amount of liens satisfied by said payment.

The total amount of liens allowed by the decree is $1,137.97, whereas the decree finds that at the filing of the petition there was only $865 unpaid on the contract price, an overplus of $262.97; or, if we add to this the $137.20 allowed by the master to the owner for the discharge of liens amounting to $196, the amount which must be paid by the owner to free the premises from liens amounts to $417.17 more than the $865 which the decree finds was unpaid at the time of the filing of the petition.

All of the statements rendered by the contractor, Achenbach, to the owner, Miller, of names and amounts due for work done upon and materials furnished for said building, mention the People's Lumber Company as entitled to $580.

Thereafter and before any notice had been filed by any contractor or given to the owner, he paid the People's Lumber Company $300, thus, as he understood, reducing its claim to $280. Upon the hearing before the master, it appeared that the contractor, Achenbach, had made false representations and statements to the owner, and that in reality instead of there being only $580 due the People's Lumber Company, there was really owing to it $730.87. Both the master, therefore, and the court, allow the lien of the People's Lumber Company at $430.87; the master as to this lien prorating the same, so that it should receive its proportionate amount of the $865 due the contractor, Achenbach, or the sum of $276.80—the court allowing its lien for the full amount of $430.87, with interest thereon from the time the same became due from Achenbach.

Section 26 of the mechanic's lien law, Revised Statutes of 1899, page 1112, provides:

" That the owner shall not be held liable to any sub-contractor or other person whose name is omitted from the statement provided for in section five of the act, nor for any larger amount than the sum therein named as due such person, provided such omission is not made with the knowledge or collusion of the owner, unless previous thereto or to his payment to his contractor, he shall be notified as provided, by such person, of their claim, and the true amount thereof."

The owner paid said $300 by a check, it would seem, to the order of said Lumber Company, handed by him to his contractor, Achenbach, under the statement made by the contractor that there was only $580 due the People's Lumber Company, without collusion or notice that more than that sum was claimed by said company. Under such circumstances the owner can not be compelled to pay more than the balance which, according to the contractor's statement, remains due after said $300 had been paid.

Section 31 of the mechanic's lien law provides:

" That upon the hearing the court shall find the amount coming from the owner to the contractor, and the amount due to each of the persons having liens; and in case the amount found to be coming to the contractor shall be

insufficient to discharge all the liens in full, the amount so found in favor of the contractor shall be divided between the persons entitled to such liens *pro rata* in proportion to the amounts so found to be due them respectively."

Section 22 of the law provides:

" But the aggregate of all the liens hereby authorized shall not exceed the price stipulated in the original contract between such owner and the contractor for such improvements, except as hereinafter provided. In no case, except as hereinafter provided, shall the owner be compelled to pay a greater sum for or on account of such house, building or other improvements than the price or sum stipulated in said original contract or agreement, unless payment be made to the contractor, or to his order, in violation of the rights and interests of the persons intended to be benefited by this act; provided," etc. None of which provisions apply to the present case.

The master, in his report, did prorate the amount of liens in accordance with section 22, and his finding and prorating seems to be correct, with the exception of the finding of the amount of the lien of the People's Lumber Company, as before mentioned.

The decree allows to the lienors interest at five per cent per annum upon the amount of the respective liens allowed to them. This is in accordance with section one, but the amount of lien upon which interest is to be allowed in case the fund for the payment of liens is insufficient to pay in full, is only upon the *pro rata* amount to which each lienor is entitled. In other words, the statute does not allow interest upon a sum which an owner is under no obligation to pay, and which can not be maintained as a lien upon his property. So, too, as to solicitor's fees, while the question has been raised whether solicitor's fees are to be allowed when the owner, finding that the amount of liens claimed exceeds the fund for the payment of the same, files a petition, bringing the respective lienors into court, and their right to the fund is determined severally to be less than is claimed by them in such proceeding, it is certain that solicitor's fees can not be allowed to a greater amount than ten per cent of the lien which is finally established.

Section 18 of the statute provides:

"In all cases where liens are enforced a fee of five dollars shall be taxed for filing the claim of lien, and the court shall order a reasonable attorney's fee, not exceeding ten per cent, taxed as part of the costs, in favor of the claimant, and where the same are defeated, in favor of the owner."

The decree of the court allowed True & True Company a lien as an original contractor for all the materials it furnished, both for those that it supplied entirely under its arrangement with contractor Achenbach, and before it had had any connection with the owner, and those supplied after the owner had promised, in consideration that it would supply more materials, to pay it, not only for what should thereafter be furnished, but what had theretofore been delivered.

The mechanic's lien law provides, section 15, that no preference, as between contractors, shall be given to him whose contract was first made, with a saving of a preference to a certain extent in favor of laborers.

The law does not contemplate a change in the character of the lien by an agreement made after the materials have been furnished. The law provides for a lien in favor of persons who shall, by contract with the owner or with one whom the owner has authorized to improve the same, furnish materials or supply labor.

Undoubtedly the owner could, after materials had been furnished or labor performed, make himself personally liable to pay for such materials and labor, but his agreement so to do does not change the character of the lien which such person already has, as a sub-contractor.

The decree of the Circuit Court is reversed and the cause remanded with directions to proceed in entering a decree as follows: Upon the hearing it was testified and the court found that a number of appellees refused to go on with the work unless Miller guaranteed payment for all materials furnished and work by them severally done thereafter.

Such being the case, it appears that the contractor did not fulfill his contract, but that only by the personal pledge

of Miller to sub-contractors was the building completed. This, in effect, is as though Miller had paid in money to such several sub-contractors for the work thereafter by them done, and the amounts for which he is thus bound will be deducted from the $865 unpaid to the contractor, Achenbach. Deduct from $865 half the costs, including master's fees, of this proceeding in the Circuit Court. Deduct $137.30 from amount remaining, such $137.30 being seventy per cent of amount paid by Miller to discharge liens of Englehardt, Michels and La Belle for $196. Deduct from balance cost of materials and labor furnished upon guarantee of Miller, viz., $133.80. Allow to the following named sub-contractors, as such, the following amounts:

People's Lumber Co., $280, with interest from August 26, 1898.

Hodge & Homer Co., $100.95, with interest from September 15, 1898.

True & True Co., $115, with interest from September 10, 1898.

Enoch Rydberg, $24, with interest from September 12, 1898.

Herman Johnson, $67, with interest from September 12, 1898.

Axel Johnson, $36.90, with interest from September 12, 1898.

Frank Reburg, $33.30, with interest from September 12, 1898.

August Johnson, $85.95, with interest from September 12, 1898.

And there will be allowed to each respectively a lien for his or its *pro rata* share of the balance remaining, ascertained as above set forth.

There will also be allowed to each of said sub-contractors an attorney's fee of ten per cent upon such *pro rata* share.

Allow to the following named lienors as original contractors the following amounts:

True & True Co., $75, with interest from September 10, 1898, also one dollar costs of filing claim, and five dollars attorney's fees for preparing and filing same.

Enoch Rydberg, $14.40, with interest from September 12, 1898.

Herman Johnson, $15.60, with interest from September 12, 1898.

Axel Johnson, $14.40, with interest from September 12, 1898.

Frank Reburg, $14.40, with interest from September 12, 1898.

Allow to each of said original contractors an attorney's fee of ten per cent upon the amount due him or it as aforesaid, as an original contractor. One half the costs in the Circuit Court, including master's fees, will be taxed against the lienors, to be paid by them, as between themselves, each the *pro rata* amount which the lien or liens by him or it allowed, bear to one-half of such costs.

Personal decrees will be severally entered in favor of the parties allowed liens as original contractors against Peter Miller for the amount of the respective liens so allowed.

Upon sale of the premises, whatever is realized therefrom by such original lienors, respectively, will be severally credited upon the personal decrees against Miller.

Reversed and remanded with directions.